IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LAMONT HAMES, SR., | § § | |
| Petitioner, | § § | |
| v. | § § | No. 3:21-cv-01720-G (BT) |
| DIRECTOR, TDCJ-CID, | § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is a habeas action under 28 U.S.C. § 2254 filed by *pro se* Petitioner Christopher Lamont Hames, Sr. On July 23, 2021, the Court issued a Consent Form (ECF No. 1), an Order (ECF No. 2) accepting findings, conclusions, and recommendation of the United States magistrate judge, and a Notice and Instructions to a *Pro Se* Party (ECF No. 4). On August 6, 2021, the mail was returned to the Court as undeliverable and marked "RETURN TO SENDER, NOT IN DALLAS COUNTY JAIL." (ECF No. 6 at 1.) Hames has failed to provide the Court with a new address. Therefore, this case should be dismissed without prejudice under Rule 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply

1

with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Here, this litigation cannot proceed because Hames has failed to keep the Court apprised of his current address. Hames filed this case on June 16, 2020, and on July 23, 2021, the Court mailed him Instructions to a Prisoner *Pro Se* Party, which advised him: "You must notify the Court if your address changes, or your case may be dismissed." (ECF No. 4.) Hames has failed to provide the Court with a current address, and the Court is unable to communicate with him regarding his case.

By failing to provide the Court with a current address, Hames has failed to comply with a court order and failed to prosecute his lawsuit. Dismissal without prejudice is warranted under these circumstances. The Court should dismiss Hames's case without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed August 10, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

2

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).